Opinion
SAETA, J.
For the past 10 years defendant, with her husband, has owned a truck tractor weighing 7-1/2 tons. It is registered as a commercial vehicle under the Vehicle Code. Defendant’s husband used the vehicle in his business and would park it in the driveway of their home in Temple City on a continual basis. On September 20, 1977, the Temple City City Council enacted an ordinance, now found in section 9332(1 )(d) of the Temple City Zoning Code, which reads as follows: “No vehicle which is registered for commercial purposes pursuant to the applicable provisions of the Vehicle Code of the State of California and which exceeds three tons in unladen gross weight shall be parked or left standing on any part of any ‘R’ zoned property, in excess of thirty consecutive minutes unless actual loading or unloading of said vehicle is in progress on said property.”
On February 3, 1979, defendant was cited for a violation of the above code section. She was found guilty. On appeal she does not challenge the facts giving rise to the conviction, but does challenge the constitutionality of the zoning regulation on essentially four grounds: (1) the regulation bears no relation to health, safety, morals or general welfare; (2) it impairs the reasonable use of residential property; (3) it deprives her of property without due process of law; and (4) it denies her equal protection. These arguments lack persuasion.
The recent case of Metromedia, Inc. v. City of San Diego (1980) 26 Cal.3d 848 [164 Cal.Rptr. 510, 610 P.2d 407], undercuts much of defendant’s argument. Footnote 5 of that opinion sets the framework: “An ordinance restricting land use is valid under the police power if it has a real or substantial relation to the public health, safety, morals or general welfare.” (Id. at p. 858.) We have been furnished no legislative history concerning the Temple City ordinance, nor does it contain, on its face, any statement of legislative policy. Nevertheless, *Supp. 10 it appears to us that the ordinance bears an adequate relation to the general welfare by being considered as a regulation of the esthetic appearance of residential neighborhoods. Although esthetic considerations were formerly somewhat suspect as a base for such an ordinance, Metromedia now sanctions such a consideration: “We further hold that even if, as plaintiffs maintain, the principal purpose of the ordinance is not to promote traffic safety but to improve the appearance of the community, such a purpose falls within the city’s authority under the police power.” (Id. at p. 860.) At issue in Metromedia was a regulation of billboards. Here it is commercial vehicles. We see no difference in constitutional considerations of the extent of police power between the two cases.
Defendant claims that parking her truck in her driveway is a reasonable use of her residential property. In Sechrist v. Municipal Court (1976) 64 Cal.App.3d 737 [134 Cal.Rptr. 733], an ordinance involving, among other things, the storage of inoperable commercial vehicles on residential property, was examined. The court stated: “It is evident, then that the use of property for a single-family residence includes those customary activities which make the home more comfortable and enjoyable, such as gardening, certain recreational activity, and the enjoyment of certain hobbies. The scope of such activity is circumscribed only insofar as it may not assume a commercial or public character, or constitute a health or safety hazard to the neighborhood. (See Hardy v. Calhoun (Tex.Civ.App. 1964) 383 S.W.2d 652, 654.)” (At p. 748.)
The use of the seven-and-one-half-ton commercial truck in a residential district could properly be restricted under the ordinance in that it lacked a residential character. The occasional use by defendant and her family of this tractor for recreational purposes does not give her a license to continuously park it in her driveway. Such a tractor is designed for hauling commercial trailers. Its use is associated with business, not housekeeping.
As to defendant’s due process argument, Metromedia is also instructive. The city can terminate nonconforming uses with just compensation or, if a suitable amortization period is given, without any compensation. (26 Cal.3d at p. 882.) The compensation must be commensurate with the investment involved. In our case there is, in reality, no compensation involved as enforcement of the ordinance does *Supp. 11 not deprive defendant of her investment in either her house or her truck. It just means that she will have to park her truck elsewhere.
Looking at the other side of the coin—noncompensation—the “amortization period” here can be considered as the time from the adoption of the ordinance to its enforcement against defendant. This period was 14 months. Metromedia, 26 Cal.3d at page 883, reviews various amortization periods. One year, although generally considered too short a period for most amortizations, was considered sufficient where the property had been fully depreciated by its owner. In our case, given that no investment values in the house or truck would be lost and that the truck had been owned 10 years and the real property for longer than that, 14 months was long enough so as not to require the payment of compensation.
Defendant’s equal protection argument has two prongs. The first is a claim of discriminatory enforcement of the ordinance. No facts are recited so as to carry this claim. (Murgia v. Municipal Court (1975) 15 Cal.3d 286 [124 Cal.Rptr. 204, 540 P.2d 44].) The second is a questioning of the distinction between commercial trucks of under three tons and campers on the one hand, and vehicles such as defendant’s on the other. It is not necessary for a public body to regulate all possible harms at one time. It is “free to recognize degrees of harm and to confine its regulation to those classes of cases in which the need is deemed to be the most evident.” (Board of Education v. Watson (1966) 63 Cal.2d 829, 833 [48 Cal.Rptr. 481, 409 P.2d 481].) Small pickups and campers could easily be viewed as more associated with residential and recreational purposes than the truck tractor involved here and other heavy commercial vehicles. The ordinance in question passes constitutional muster.
The judgment is affirmed.
Ibáñez, P. J., concurred.